UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00198-TBR

CINDY FLICK                                                                                                  Plaintiff

v.

MERCY HEALTH PARTNERS –
LOURDES, INC.,                                                                                            Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Mercy Health Partners – Lourdes, INC's Motion to Enforce Settlement Agreement and Dismiss as Settled. (Docket No. 26). Plaintiff Cindy Flick has responded. (Docket No. 30). This matter is now ripe for adjudication. For the following reasons, the Court will **DENY** Defendant's Motion to Enforce Settlement Agreement and Dismiss as Settled.

## BACKGROUND

Plaintiff Cindy Flick ("Flick"), proceeding *pro se*, brought this litigation against her previous employer, Mercy Health Partners – Lourdes, Inc. ("Lourdes"). (Docket No. 19). Flick alleges that she discovered an improper practice concerning delays in processing tissues submitted for testing that affected reimbursement for claims submitted to the Medicare program. *Id.* She alleges that her employment was terminated in retaliation after she reported these alleged violations of Anti-Kickback statutes. *Id.*

On December 5, 2014, Flick and counsel for Lourdes, George Miller, telephonically discussed a potential settlement. (Docket No. 26). The settlement amount reached, $76,000, was the equivalent of one year's salary in Flick's previous position at Lourdes. *Id.* The parties

1

recorded the terms in an exchange of e-mails. During their phone call, Miller and Flick noted that they would enter into a formal and complete settlement agreement and release at a later time. *Id.* On December 6, 2014, Miller sent Flick a summary of the terms, and Flick replied, "Agreed." Flick states that Miller advised her that she should have an attorney review the agreement, and stated that there was a twenty-one day "reconsideration period" which Flick would have to waive if she wanted to receive the first half of the settlement prior to the end of 2014. (Docket No. 30). On December 9, 2014, Flick e-mailed Miller informing him of her intention to consult with an attorney. (Docket No. 30-2). On December 12, 2014, Miller sent the Confidential Settlement Agreement, Waiver and Release to Flick via e-mail. (Docket No. 26). On December 16, 2014, Flick responded stating that she would not be signing the settlement agreement. Lourdes requests that the Court enforce the settlement agreement.

## STANDARD

Underlying state law governs the Court's determination of whether the parties reached an agreement on the settlement's material terms. *See, e.g., Glidden Co. v. Kinsella*, 386 F. App'x 535, 540 (6th Cir. 2010). Kentucky law provides that "[s]ettlement agreements are a type of contract and therefore are governed by contract law." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003). Accordingly, a settlement agreement must satisfy the requirements of a contract to be valid: offer and acceptance, full and complete terms, and consideration. *Cantrell Supply, Inc., v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. Ct. App. 2002).

## DISCUSSION

Lourdes argues that the parties reached an agreement on all material terms under Kentucky law, and that Flick's "attempt to revoke her acceptance of the settlement terms is invalid." (Docket No. 26). Further, Lourdes argues that the agreement is not invalid merely

2

because the parties intended to execute a formal release and settlement agreement at a later date. *Id.* In response, Flick argues that she decided not to sign the settlement agreement after showing the terms to an attorney, who advised her against accepting the agreement. (Docket No. 30). Flick states that she was advised by an attorney that, among other concerns, $76,000 was inadequate compensation for lost and future wages and for releasing Lourdes for non-employment claims, and that the cessation of employment clause is too restrictive and would make it difficult for Flick to acquire a job at a hospital in the future. *Id.* Finally, the contract states that, "Flick further represents and warrants that she has consulted with a competent attorney of her own choosing about this Agreement, that she has discussed it with her attorney, and that she understands its terms and its effect upon her legal rights." (Docket No. 26-3).

The Court finds that the parties had not reached an agreement on all material terms. Flick participated in the settlement phone call *pro se*, and Miller was informed that she planned to consult with counsel. Further, the contract that Flick was to sign in fact requires her to represent that she consulted with an attorney. As Flick told Miller on December 9, she intended to do just that. After consulting with her attorney, Flick determined that the agreement was not in her best interest. The Court finds that the parties had not reached an agreement on all material terms, and thus, it will not enforce the agreement.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendants' Motion to Enforce Settlement Agreement and Dismiss as Settled, (Docket No. 26), is **DENIED**.