UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

*ELECTRONICALLY FILED*

| | |
|---|---|
| CINDY FLICK | ) |
| | ) |
|     PLAINTIFF | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-00198-TBR |
| | ) |
| MERCY HEALTH NFP, d/b/a LOURDES HOSPITAL | ) |
| | ) |
|     DEFENDANT | ) |

**DEFENDANT MERCY HEALTH NFP, d/b/a LOURDES HOSPITAL'S**
**ANSWER TO THE SECOND AMENDED COMPLAINT**

Comes the Defendant Mercy Health NFP, d/b/a Lourdes Hospital (the correct name of which is Mercy Health Partners – Lourdes, Inc.) (hereinafter "Lourdes" or "Defendant"), by counsel and for its Answer to the Second Amended Complaint-Revised of Plaintiff Cindy Flick states as follows:

1. Lourdes is without sufficient knowledge and information to allow it to form a belief about the truth of the allegations contained in Numerical Paragraph 1 of the Second Amended Complaint-Revised, and therefore denies the same.

2. Lourdes admits the allegations of Numerical Paragraph 2 of the Second Amended Complaint-Revised.

3. Lourdes admits that the Plaintiff was employed by Lourdes, and that the Plaintiff held the position of Laboratory Section Supervisor. Lourdes denies all remaining allegations contained in Numerical Paragraph 3 of the Second Amended Complaint-Revised.

4. In response to Numerical Paragraph 4 of the Second Amended Complaint-Revised, Chapters 205 and 216B of the Kentucky Revised Statutes speak for themselves and Numerical Paragraph 4 of the Second Amended Complaint-Revised states a legal conclusion to which no response is required. To the extent that Numerical Paragraph 4 of the Second Amended Complaint-Revised states or infers factual allegations requiring a response, Lourdes denies the same.

5. Numerical Paragraph 5 of the Second Amended Complaint-Revised states a legal conclusion to which no response is required. To the extent that Numerical Paragraph 5 of the Second Amended Complaint-Revised states or infers factual allegations requiring a response, Lourdes denies the same.

6. Lourdes denies the allegations contained in Numerical Paragraph 6 of the Second Amended Complaint-Revised.

7. Lourdes denies the allegations contained in Numerical Paragraph 7 of the Second Amended Complaint-Revised.

8. Lourdes denies the allegations contained in Numerical Paragraph 8 of the Second Amended Complaint-Revised.

9. Lourdes denies the allegations contained in Numerical Paragraph 9 of the Second Amended Complaint-Revised.

10. The allegations of Numerical Paragraph 10 of the Second Amended Complaint-Revised state legal conclusions and interpretations of a statute to which no response is required. Furthermore, the statute upon which the legal conclusions and interpretations are allegedly based, speak for themselves and no response is required. To

the extent that a response is required, Lourdes denies the allegations either expressed or implied in Numerical Paragraph 10 of the Second Amended Complaint-Revised.

11. Lourdes admits that Plaintiff met with Mr. Khan and Elizabeth Snodgrass. Lourdes denies the remaining allegations in Numerical Paragraph 11 of the Second Amended Complaint-Revised. Specifically, Lourdes denies that the Plaintiff ever informed Lourdes that she believed Rule 40.8 or KRS 216B.165 were being violated or that any practices were resulting in patient harm or violations of quality of care.

12. Lourdes denies the allegations contained in Numerical Paragraph 12 of the Second Amended Complaint-Revised.

13. Lourdes is without sufficient knowledge and information to allow it to form a belief about the truth of the allegations contained in Numerical Paragraph 13 of the Second Amended Complaint-Revised, and therefore denies the same.

14. Lourdes admits that the Plaintiff had discussed the contract with Mr. Khan and that the Plaintiff sent an email dated July 30, 2013 to Mr. Khan. The contents of the email, which was attached to the Second Amended Complaint-Revised speak for themselves and no answer is required. As to the remaining allegations of Numerical Paragraph 14, Lourdes denies the same. Specifically, Lourdes denies that the Plaintiff ever stated that the contract violated Anti-Kickback regulations.

15. Lourdes is without sufficient knowledge and information to allow it to form a belief about the truth of the allegations contained in Numerical Paragraph 15 of the Second Amended Complaint-Revised, and therefore denies the same.

16. In response to Numerical Paragraph 16 of the Revised Second Amended Complaint-Revised, Exhibits 3 and 4 to the Second Amended Complaint-Revised speak for

themselves and no response is required. To the extent that a response is required, Lourdes is without sufficient knowledge and information to allow it to form a belief about the truth of the express or implied allegations contained in Numerical Paragraph 16 of the Second Amended Complaint-Revised, and therefore denies the same.

17. Lourdes is without sufficient knowledge and information to allow it to form a belief about the truth of the allegations contained in Numerical Paragraph 17 of the Second Amended Complaint-Revised, and therefore denies the same.

18. Lourdes denies the allegations contained in Numerical Paragraph 18 of the Second Amended Complaint-Revised.

19. Lourdes is without sufficient knowledge and information to allow it to form a belief about the truth of the allegations contained in Numerical Paragraph 19 of the Second Amended Complaint-Revised, and therefore denies the same.

20. Lourdes is without sufficient knowledge and information to allow it to form a belief about the truth of the allegations contained in Numerical Paragraph 20 of the Second Amended Complaint-Revised, and therefore denies the same.

21. Lourdes admits that the Plaintiff met with Jeff Jones, Vice President of Operations and delivered to him certain documents regarding Mr. Khan. Lourdes denies any remaining factual allegations in Numerical Paragraph 21 of the Second Amended Complaint-Revised.

22. In response to Numerical Paragraph 22 of the Revised Second Amended Complaint-Revised, Exhibit 5 to the Second Amended Complaint-Revised speaks for itself and no response is required. To the extent that a response is required, Lourdes denies the

allegations, express or implied in Numerical Paragraph 22 of the Second Amended Complaint-Revised.

23. In response to Numerical Paragraph 23 of the Revised Second Amended Complaint-Revised, Exhibit 5 to the Second Amended Complaint-Revised speak for itself and no response is required.  To the extent that a response is required, Lourdes admits that the Plaintiff was terminated for insubordination.

24. The Plaintiff's employment evaluations speak for themselves and no response is required.  To the extent that a response to is required, Lourdes denies the allegations of Numerical Paragraph 24 of the Second Amended Complaint-Revised.

25. Lourdes denies the allegations contained in Numerical Paragraph 25 of the Second Amended Complaint-Revised.

26. Lourdes denies the allegations contained in Numerical Paragraph 26 of the Second Amended Complaint-Revised.

27. The statute cited speaks for itself and no response is required.  Lourdes denies that it violated KRS 216B.165 and the remaining factual allegations either expressed or implied in Numerical Paragraph 27.

28. The statute cited speaks for itself and no response is required.  To the extent that a response is required, Lourdes denies any allegations expressed or implied in Numerical Paragraph 28 of the Second Amended Complaint-Revised.

29. The statute cited speaks for itself and no response is required.  To the extent that a response is required, Lourdes denies any allegations expressed or implied in Numerical Paragraph 29 of the Second Amended Complaint-Revised.

30. The case law cited speaks for itself and no response is required.  To the extent that a response is required, Lourdes denies any allegations expressed or implied in Numerical Paragraph 30 of the Second Amended Complaint-Revised.  Specifically, Lourdes denies that Lourdes' actions meet the criteria for common law wrongful discharge.

31. Lourdes admits that that Plaintiff was terminated for insubordination.  Lourdes denies all remaining allegations contained in Numerical Paragraph 31 of the Second Amended Complaint-Revised.

32. Lourdes denies the allegations contained in Numerical Paragraph 32 of the Second Amended Complaint-Revised.

33. Lourdes admits that Marzie Miller was fired.  Lourdes denies the remaining factual allegations contained in Numerical Paragraph 33 of the Second Amended Complaint-Revised.

34. The case law cited speaks for itself and no response is required.  To the extent that a response is required, Lourdes denies the factual allegations contained in Numerical Paragraph 34 of the Second Amended Complaint-Revised.

35. Lourdes denies the allegations contained in Numerical Paragraph 35 of the Second Amended Complaint-Revised.

**PRAYER FOR RELIEF**

36. Lourdes denies that Plaintiff is entitled to the relief requested in Numerical Paragraph 36 of her Prayer for Relief in her Second Amended Complaint-Revised.

37. Lourdes denies each and every allegation in the Second Amended Complaint-Revised, except as specifically admitted herein in this Answer, and any factual allegations admitted in this Answer are admitted only as to specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculations that are not contained in the allegation or in the Second Amended Complaint-Revised as a whole.

## AFFIRMATIVE AND OTHER DEFENSES

Lourdes does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of the defenses listed below.  Lourdes further does not allege or admit that the Plaintiff is relieved of her burden to prove each and every element of the claims and damages alleged in her Complaint.  Lourdes furthermore reasserts and reincorporates Numerical Paragraphs 1 through 37 set forth above in asserting the following defenses to the Second Amended Complaint-Revised.

## FIRST DEFENSE

The Second Amended Complaint-Revised fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## THIRD DEFENSE

The Plaintiff has not suffered any injury or damages and is not entitled to compensatory damages, civil penalties, interest, or any other damages, penalties or awards.

## FOURTH DEFENSE

The Plaintiff's claim for damages is barred by the Plaintiffs' failure to mitigate damages.

## FIFTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Lourdes' actions were not the proximate cause of any injury or alleged loss.

## SIXTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Lourdes' conduct was in compliance with, or authorized by, laws, regulations or instructions administered or otherwise given by a regulating body or officer acting under state or federal statutory authority.

## SEVENTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Lourdes did not directly or indirectly engage in any conduct in violation of state or federal law.

## EIGHTH DEFENSE

To the extent that the Plaintiff suffered alleged damages, if any, such alleged damages are the result of acts or omissions committed by third persons whose actions cannot be imputed to Lourdes.

## NINTH DEFENSE

Any and all actions taken by Lourdes with respect to any of the matters alleged in the Complaint were taken in good faith and not with improper or illegal purpose, intent or knowledge.

## TENTH DEFENSE

Plaintiff's claim for punitive damages is barred by both the United States Constitution and the Constitution of the Commonwealth of Kentucky, and are not allowable under KRS 411.184.

## ELEVENTH DEFENSE

Lourdes gives notice that it intends to rely upon any additional defenses that are now or may become available or appear during, or as a result of, the discovery proceedings in this action.  Lourdes reserves its right to petition the Court to amend its Answer to assert those defenses, if necessary.

Respectfully submitted,

/s/ Christopher A. Melton
Christopher A. Melton
Chelsea K. Painter
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2800
Louisville, KY  40202-2898
502.589.5235

George J. Miller
WYATT, TARRANT & COMBS, LLP
250 West Main Street
Suite 1600
Lexington, KY 40507-1746
859.233.2012

***Counsel for Defendant Mercy Health Partners – Lourdes, Inc.***

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail, postage pre-paid, on this the 6th day of March, 2015:

Cindy Flick
1890 Old Metropolis Rd
Vienna, Illinois 62995
*Plaintiff*

                                              /s/ Christopher A. Melton
                                              Christopher A. Melton

61311591.1
61312766.1