UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00198-TBR

CINDY FLICK,                                                                                    Plaintiff

v.

MERCY HEALTH NFP, d/b/a                                                          Defendant
LOURDES HOSPITAL

### MEMORANDUM OPINION

This matter is before the Court upon Plaintiff's motion to dismiss without prejudice. (Docket #52). Defendant has responded. (Docket #54). Plaintiff has replied. (Docket #58). These matters now are ripe for adjudication. For the following reasons, Plaintiff's motion to dismiss without prejudice (Docket #52) will be GRANTED.

### BACKGROUND

This action arises out of Plaintiff Cindy Flick's employment with Mercy Health Partners NFP, d/b/a Lourdes Hospital ("Lourdes"). Flick claims she was wrongfully terminated after she discovered and reported an improper practice of delaying certain tests to circumvent Medicare rules and defraud Medicare. More detail can be found in this Court's opinion and order denying Lourdes' motion to dismiss. (Docket #34). In brief, Flick was hired in January, 2011 as a Laboratory Section Supervisor. In March, 2013, Flick became aware of an alleged practice of "purposely holding breast tissue biopsy specimens for 14 days after patient discharge before sending them to Agendia (an outside reference lab)." (Docket #19). Flick alleges the fourteen-day hold was intended to "circumvent the Medicare Date of Service ("DOS") rule which specifies that any laboratory services performed within 14 days of an inpatient admission would be lumped

into the predetermined DRG payment" while "[a]nything after 14 days post discharge is treated as a separate encounter and can be billed separately." (Docket #19). By holding specimens for fourteen days before submitting them for processing, Agendia could bill Medicare, and not Lourdes, for the $9,325 cost of the testing, allowing Lourdes to retain full reimbursement payment.

Flick claims she was wrongfully terminated in retaliation for reporting this practice. Flick filed her complaint *pro se*. (Docket #1-1). Lourdes has filed several motions to dismiss Flick's complaint or strike portions of the complaint. (Docket #6, 7, 8, 20, 23). Flick has filed several motions to amend her complaint. (Docket #15, 21, 24). The Court has allowed Flick to amend her complaint and has granted in part and denied in part Lourdes' motions to strike and dismiss. (Docket #34).

In December, 2014, Flick and Lourdes reached a tentative settlement of Flick's claims over a series of phone calls and e-mails. However, after reviewing the terms of the settlement agreement Flick declined to sign. Lourdes moved to enforce the settlement agreement. (Docket #26). The Court found that Flick and Lourdes had not reached a settlement as to all material terms and denied Lourdes' motion. (Docket #33).

Flick now moves to dismiss her complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Docket #52). Lourdes requests that Flick's motion be denied or that Flick's complaint be dismissed with prejudice. (Docket #54).

## DISCUSSION

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P.

2

41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id*. (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*.

In analyzing the above factors the Court finds neither an unnecessary delay on behalf of Flick nor excessive expense to Lourdes. Although this case has been pending for approximately one year, it is still in the early stages of litigation. To this point the proceedings have primarily consisted of Lourdes' motions to dismiss or strike Flick's complaint and Flick's amendments to her complaint. Flick has responded to all motions, engaged in settlement talks, and has now retained counsel. The Court has thrice stayed discovery while ruling upon motions and discovery is currently stayed pending ruling on the present motion. (Docket #17, 44, 57). Although Lourdes claims it has "spent considerable time and expense in investigating the Plaintiff's claims," (Docket #54), the majority of Lourdes' efforts have come from contesting procedural issues. Furthermore, to the extent Lourdes has investigated Flick's claims, this work would not be lost in the event that Flick re-filed her claims. *See Carrillo v. CSX Transp., Inc.*, 2014 U.S. Dist.

LEXIS 60337 *5-6 (W.D. Ky. 2014).  Finally, Lourdes has not filed a motion for summary judgment in this case.  *See Gunn v. Am. Mem. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 48792  *5-8 (W.D. Ky. 2007).  In analyzing these factors the Court finds that Lourdes would not suffer plain legal prejudice and therefore Flick shall be permitted to dismiss her complaint without prejudice.

Lourdes argues Flick's motion may be a precursor to forum shopping and filing her claims elsewhere.  "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice."  *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).  Flick agrees to the restriction that in the event she re-files her claims she will do so before this Court.

## CONCLUSION

 For the following reasons, Plaintiff's motion to dismiss without prejudice (Docket #52) will be GRANTED.  If Plaintiff files a claim arising under the facts of this case Plaintiff shall do so in the Western District of Kentucky.

A separate judgment and order shall issue.

cc:     Counsel